United States Bankruptcy Court
Central District of California

In re:                                                                   Case No. 13-24277-WJ
Glenn Lee Brown                                                          Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-6            User: admin              Page 1 of 1             Date Rcvd: Sep 17, 2015
                                Form ID: pdf042          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 19, 2015.
db             +Glenn Lee Brown,    775 N. 17th Street,    Banning, CA 92220-4101

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 19, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 17, 2015 at the address(es) listed below:
              Arnold L Graff     on behalf of Interested Party    Courtesy NEF ecfcacb@aldridgepite.com,
               ALG@ecf.inforuptcy.com;agraff@aldridgepite.com
              Bill Taylor    on behalf of Creditor    Nationstar Mortgage, LLC. ecfnotices@4stechnologies.com
              Darlene C Vigil     on behalf of Creditor    U.S. Bank National Association, as Trustee
               cdcaecf@bdfgroup.com
              Darlene C Vigil     on behalf of Interested Party    Courtesy NEF cdcaecf@bdfgroup.com
              James Hogan     on behalf of Interested Party    AmeriCredit Financial Services, Inc. dba GM
               Financial customer.service.bk@americredit.com
              John Chandler     on behalf of Creditor    WELLS FARGO HOME MORTGAGE john.chandler@wellsfargo.com
              Joseph C Delmotte     on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
               BCAP LLC Trust 2007-AA2 ecfcacb@aldridgepite.com,
               JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
              Kelli R Wygant     on behalf of Creditor    WELLS FARGO HOME MORTGAGE kelli.wygant@wellsfargo.com
              Mark D Estle     on behalf of Creditor    HSBC Bank USA, National Association as Trustee for BCAP
               LLC Trust 2006-AA2 mark.estle@buckleymadole.com
              Mark D Estle     on behalf of Creditor    HSBC Bank USA, National Association As Trustee For BCAP
               LLC Trust 2006-AA2 as serviced by OneWest Bank, FSB mark.estle@buckleymadole.com
              Michael Daniels     on behalf of Creditor    Nationstar Mortgage, LLC.
               BkECFnotifications@nationstarmail.com
              Robert P Zahradka     on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
               BCAP LLC Trust 2007-AA2 ecfcacb@aldridgepite.com,
               RPZ@ecf.inforuptcy.com;rzahradka@aldridgepite.com
              Rod (WJ) Danielson (TR)    notice-efile@rodan13.com
              Sheryl K Ith    on behalf of Creditor    Wells Fargo Dealer Services Inc sith@cookseylaw.com
              Sheryl K Ith    on behalf of Creditor    AmeriCredit Financial Services, Inc. dba GM Financial
               sith@cookseylaw.com
              Tyson Takeuchi     on behalf of Debtor Glenn Lee Brown tyson@tysonfirm.com,
               albert@tysonfirm.com;armen@tysonfirm.com
              United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
                                                                                              TOTAL: 17

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>DARLENE C. VIGIL, SBN 223442<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>20955 PATHFINDER ROAD, SUITE 300<br>DIAMOND BAR, CA 91765<br>P. (626) 915-5714<br>F. (972) 661-7726<br>E-mail: cdcaecf@BDFGroup.com<br>File No. 5486477<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**SEP 17 2015**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** gooch    **DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br>GLENN LEE BROWN<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:13-bk-24277-WJ<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)** |
|---|---|
| | DATE: Not Set<br>TIME:<br>COURTROOM: 304<br>PLACE: U.S. Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**Movant:** U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address*:    5021 TILDEN AVENUE #1
    *Unit/suite number*:
    *City, state, zip code*:    LOS ANGELES, CA 91423

    Legal description or document recording number (including county of recording):
    Instrument No. 20070049069  LOS ANGELES

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 1    **F 4001-1.RFS.RP.ORDER**

A CONDOMINIUM COMPOSED OF:

A) AN UNDIVIDED ONE-SIXTH (1/6) INTEREST, AS TENANT-IN-COMMON, IN LOT 1 OF TRACT NO. 35663, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 921 PAGE(S) 89 AND 90 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPTING THEREFROM UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DESIGNATED ON THAT CERTAIN CONDOMINIUM PLAN RECORDED ON THE 16TH DAY OF AUGUST, 1979, AS INSTRUMENT NO. 79-906796, OFFICIAL RECORDS, IN THE OFFICE OF THE RECORDER OF SAID COUNTY.

B) UNIT 1, AS SHOWN AND DESIGNATED ON THAT CERTAIN CONDOMINIUM PLAN RECORDED ON THE 16TH DAY OF AUGUST, 1979 AS INSTRUMENT NO. 79-906796, OFFICIAL RECORDS, IN THE OFFICE OF THE RECORDER OF LOS ANGELES COUNTY, CALIFORNIA.

EXCEPT THEREFROM TO THE GRANTOR AND TO ITS SUCCESSORS AND ASSIGNS, THE EXCLUSIVE RIGHT TO THE USE AND POSSESSION OF THE GARAGE SPACES AND SHOWN AND DESIGNATED AS PARCELS G1 TO G12 INCLUSIVE, ON THE SAID CONDOMINIUM PLAN, WITH WITH RIGHT TO TRANSFER AND ASSIGN EACH OF SUCH GARAGE SPACES TO OTHERS AND THEIR SUCCESSORS AND ASSIGNS.

C) THE EXCLUSIVE RIGHT TO THE USE AND POSSESSION OF GARAGE SPACES 3 TO 7 SO DESIGNATED AND AS SHOWN ON THE AFORESAID CONDOMINIUM PLAN.

ASSESSOR'S PARCEL NUMBER: 2248-008-080

☐ See attached page.

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved: (**See continuation page)

      (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or **(See continuation page)

      (2) ☐ Multiple bankruptcy cases affecting the Property.

      (3) ☐ The court   ☐ makes   ☐ does not make   ☐ cannot make
          a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 2                                    **F 4001-1.RFS.RP.ORDER**

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

### 

Date: September 17, 2015

*Wayne Johnson*
Wayne Johnson
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 3                                F 4001-1.RFS.RP.ORDER

**Continued from page 2, paragraph 3, sections (d) and (d)(1)**

It is further stipulated and agreed as follows:

a. That Debtor asserts no interest in subject property commonly known as **5021 Tilden Avenue #1, Los Angeles, CA 91423** (hereinafter Property).

b. That an interest in the Property was impermissibly transferred to the Debtor without the knowledge of the Debtor. Without Debtor's consent, his Chapter 13 bankruptcy case proceeding is being used for an improper purpose as part of a scheme to delay, hinder and defraud creditors that involved a transfer of all or part ownership of, or interest in the property without the consent of this Movant or court approval.

Accordingly, Debtor consents to the extraordinary relief sought by Movant under 11 U.S.C. §362(d)(4)(A) and/or (B) but that Debtor's consent shall not be construed in any way as an admission that this case was commenced in bad faith.

c. That the Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

d. That entry of the order approving this Stipulation terminating the automatic stay shall not be considered an order terminating the automatic stay pursuant to 11 U.S.C. § 109(g)(2) in the unlikely event that Debtor chooses to voluntarily dismiss his Chapter 13 case.

SUBMITTED BY:

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**

/s/Darlene C. Vigil                              DATED: 9/16/2015
DARLENE C. VIGIL
Attorneys for U.S. BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE
RATE MORTGAGES TRUST 2007-3, ITS ASSIGNS AND/OR
SUCCESSORS IN INTEREST


APPROVED AS TO FORM AND CONTENT

**LAW OFFICE OF TYSON TAKEUCHI**

**[see docket entry #83 for signature]**            DATED: 9/16/2015
TYSON M. TAKEUCHI
Attorneys for Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 4                              F 4001-1.RFS.RP.ORDER